## THE VICTORIA.

*(Circuit Court, D. Massachusetts. August 1, 1882.)*

NEGLIGENCE—PERSONAL INJURY—FAULT OF FELLOW-SERVANT.

> Where a workman upon a vessel was injured by falling through an open hatchway negligently left open by the stevedore having charge of the discharging and loading of the vessel, and the actual negligence that caused the accident was the removal of a lamp by a fellow-workman employed at the same job with the libelant, the common employer is not liable for the injury.

*E. L. Barney* and *E. J. Hadley*, for libelant, appellant.

*Ball, Storey & Towers*, for steam-ship.

LOWELL, C. J. The libelant was seriously injured by falling down the main hatchway of the third deck of the steam-ship Victoria, on his return from supper, just after he had reached that deck by a ladder placed in a smaller hatchway or scuttle, which is alleged to have been so dangerously near the main hatch that it was negligence to leave that hatch open. Whether it is usual to close the hatches on the third deck after the day's work is done is a disputed question in the case. The preponderance of the evidence is that it is not usual; and see *Dwyer* v. *Nat. Steam-ship Co.* 17 Blatchf. 472. The libelant had been working during the day not far from the open main hatch, and had been up and down this ladder once or twice, and had no reason to suppose that the hatch had been closed. If it was negligently left open, the negligence was that of the stevedore having

charge of discharging and loading the ship, which cannot be attributed to the owners. *Dwyer* v. *Nat. Steam-ship Co. supra; The Germania,* 9 Ben. 356.

The actual negligence, however, was in removing a lamp which had hung near the foot of the ladder, and not replacing it. Rose testifies that he came down through the scuttle a short time before the plaintiff came back, found that the lamp had gone out, relighted it, and carried it aft. If that lamp had remained where it had been during the day, and had been lighted, it seems impossible that the accident should have happened; for the main hatch was forward of the scuttle, and the libelant's place of work was aft of the scuttle, and it must have been through some confusion caused by the want of light that he took the direction he did. This fault was committed by a fellow-workman who was employed on the very same job with the libelant, and the law is too well settled to be changed, excepting by congress or the supreme court, that the common employer is not liable for an injury occurring to a workman under such circumstances.

For these reasons I have felt bound to affirm the decree below. In consideration of the great hardship to the libelant, I suppose costs would not be asked against him from a court of admiralty.

Decree affirmed, without costs.